## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH M. DOETSCH, | |
| Plaintiff, | |
| | No.    08 C 1406 |
| v. | Judge Hibbler |
| AT & T OPERATIONS, INC., a Delaware Corporation, | Magistrate Judge Ashman |
| Defendant. | |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, AT&T Operations, Inc., by and through its attorneys, Franczek Sullivan PC,

hereby respond to Plaintiff's Complaint as follows:

### PARTIES

**Complaint Para. No. 1:**    Plaintiff DOETSCH is a resident of McHenry, McHenry County, Illinois.

**ANSWER:**    Upon information and belief, Defendant admits that, until his death, Plaintiff

Doetsch was a resident of McHenry, McHenry County, Illinois.  Defendant denies the remaining

allegations of Paragraph 1.

**Complaint Para. No. 2:**    Defendant AT&T is a Corporation organized under the laws of Delaware, authorized to do business in Illinois and doing business at all times relevant in Illinois at 2000 West AT&T Center Drive, Hoffman Estates, Cook County, Illinois.

**ANSWER:**    Defendant admits the allegations of Paragraph 2.

### JURISDICTION AND VENUE

**Complaint Para. No. 3:**    This action arises under Title VII of the Civil Rights Act of 1964, 42 USCA §2000e et seq., the Age Discrimination in Employment Act (ADEA), 42 U.S.C. §12117, and the Americans with Disabilities Act.

**ANSWER:**    Defendant admits that Plaintiff asserts claims under Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act (ADEA), 29

U.S.C. § 621 *et seq.*, and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*.

Defendant denies that any of its conduct violated the cited statutes, and denies the remaining

allegations of Paragraph 3.


**Complaint Para. No. 4:**    Venue is proper in this District pursuant to 28 U.S.C. §1391(c).
Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(3) and 42
USCA §2000e-5(f)(3).

**ANSWER:**    Defendants admit that venue is proper in this District and that this Court has

subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-

5(f)(3).  Defendant denies the remaining allegations of Paragraph 4.


**Complaint Para. No. 5:**    On July 19, 2007, DOETSCH filed a timely written charge of
discrimination with the Equal Employment Opportunity Commission, alleging discrimination on
the basis of his age (47) and his disability.  A copy of the charged is attached hereto as Exhibit A.

**ANSWER:**    Defendant admits that on or about July 19, 2007, Plaintiff filed a written charge of

discrimination with the Equal Employment Opportunity Commission, alleging discrimination on

the basis of his age and alleged disability; that Plaintiff was forty-seven years old when he filed

his charge, and that a copy of the charge is attached to Plaintiff's complaint as Exhibit A.

Defendant denies the remaining allegations of Paragraph 5.


**Complaint Para. No. 6:**    The charge was subsequently dismissed and a Right-to-Sue letter
was issued to DOETSCH on December 10, 2007, which was received on or about December 17,
2007.  A copy of the dismissal and right-to-sue letter is attached hereto as Exhibit B.

**ANSWER:**    Defendant admits that the EEOC dismissed Plaintiff's charge, that it issued a

"Dismissal and Notice of Rights" dated December 10, 2007, and that a copy of this document is

attached to the Complaint as Exhibit B.  Defendant lacks knowledge or information sufficient to

2

form a belief as to the truth of Plaintiff's allegation that he received the Dismissal and Notice of

Rights on or about December 17, 2007.

## COUNT I
## DISCRIMINATION ON BASIS OF AGE - FAILURE TO PROMOTE [SIC]

**Complaint Para. No. 7:**     Plaintiff reasserts and realleges the statements contained in Paragraphs 1-6 as though fully restated herein.

**ANSWER:**     Defendant reasserts and realleges its responses to Paragraphs 1-6 as though fully

restated herein.


**Complaint Para. No. 8:**     On or about April 2, 1980, DOETSCH began his employment with defendant. His most recent position was Area Manager.

**ANSWER:**     Defendant admits the allegations of Paragraph 8.


**Complaint Para. No. 9:**     DOETSCH has performed his work in a satisfactory manner that met the reasonable expectations of the employer.

**ANSWER:**     Defendant denies the allegations of Paragraph 9.


**Complaint Para. No. 10:**     On February 20, 2007, DOETSCH was discharged from employment with ATT.

**ANSWER:**     Defendant admits the allegations of Paragraph 10.


**Complaint Para. No. 11:**     The reasons given for disciplining and discharging Plaintiff were pretexts for illegal discrimination on the basis of DOETSCH's age.

**ANSWER:**     Defendant denies the allegations of Paragraph 11.


**Complaint Para. No. 12:**     As a result of the acts complained of herein, DOETSCH has suffered and will continue to suffer the effects of unlawful discrimination, emotional distress and mental anguish, loss of career opportunities, lost income, damage to his reputation, and professional development, and other compensable losses and damages.

**ANSWER:**     Defendant denies the allegations of Paragraph 12.


**Complaint Para. No. 13:**     The described conduct of Defendant constitutes unlawful employment discrimination and constitutes a violation committed with malice or reckless indifference for the Plaintiffs rights pursuant to the Age Discrimination in Employment Act and

372241.1

Defendant is liable to Plaintiff for civil relief and other damages for the violation of DOETSCH's civil rights.

**ANSWER:**    Defendant denies the allegations of Paragraph 12.

WHEREFORE, Plaintiff JOSEPH M. DOETSCH prays that this Court enter judgment in his favor and against the defendant AT & T OPERATIONS, INC., as follows:

a.    That a finding be entered that the Defendant violated the Age Discrimination in Employment Act and discriminated against Plaintiff;

b.    That all references in Plaintiff personnel file with regard to the adverse action(s) against Plaintiff be expunged;

c.    That Plaintiff be reinstated to his employment and awarded compensatory damages including but not limited to back pay and front pay and restoration of all lost employment benefits resulting from the employer's actions in discharging Plaintiff from employment on February 20, 2007;

d.    That Plaintiff be awarded the maximum punitive damages available by law;

e.    That the Plaintiff be awarded his reasonable attorneys' fees and costs; and

f.    That the Plaintiff be awarded such other and further relief *as* this Court may deem just and proper.

**ANSWER:**    Defendant denies that Plaintiff is entitled to any of the requested relief.

## COUNT II
## DISCRIMINATION ON BASIS OF RETALIATION [SIC]

**Complaint Para. No. 14:**    Plaintiff reasserts and realleges the statements contained in Paragraphs 1-13 as though fully restated herein.

**ANSWER:**    Defendant reasserts and realleges its responses to Paragraphs 1-13 of the Complaint as though fully restated herein.

**Complaint Para. No. 15:**    Plaintiff was at all times relevant a qualified employee with a disability, specifically alcoholism and severe acid reflux. Defendant was, through its human resources department and DOETSCH's direct supervisor, aware of this disability as early as 2004.

**ANSWER:**    Defendant denies the allegations of Paragraph 15.

4

**Complaint Para. No. 15[sic]**    In 2007 and thereafter, having notice of said disability, Defendant changed the terms and conditions and job description of Plaintiffs employment to include tasks Plaintiff could not perform due to his disability.  Plaintiff requested a reasonable accommodation, specifically performing the job functions at home part of the time and the employer refused this accommodation.

**ANSWER:**    Defendant denies the allegations of Paragraph 15.

**Complaint Para. No. 16:**    On February 20, 2007, Plaintiff was terminated from his employment with Defendant. The alleged reason for termination was violation of Defendant's code of conduct.

**ANSWER:**    Defendant admits the allegations of Paragraph 16.

**Complaint Para. No. 17:**    The reason given for Plaintiffs termination was a pretext for illegal discrimination on the basis of DOETSCH's disability.

**ANSWER:**    Defendant denies the allegations of Paragraph 17.

**Complaint Para. No. 18:**    On information and belief, DOETSCH's duties were taken over by an employee without a disability.

**ANSWER:**    Defendant admits that Doetsch's duties were taken over by another employee, but

lacks knowledge or information sufficient to form a belief as to the truth of the allegation that

this employee does not have a disability.

**Complaint Para. No. 21[sic]:**    As a result of the acts complained of herein, DOETSCH has suffered and will continue to suffer the effects of unlawful discrimination, emotional distress and mental anguish, loss of career opportunities, damage to his reputation, and professional development, and other compensable losses and damages.

**ANSWER:**    Defendant denies the allegations of Paragraph 21.

**Complaint Para. No. 22 [sic]:**    The conduct of Defendant in discharging Plaintiff from employment constitutes unlawful employment discrimination and constitutes a violation committed with malice or reckless indifference for the Plaintiffs rights pursuant to the Americans with Disabilities Act, and Defendant is liable to Plaintiff for civil relief and other damages for the violation of DOETSCH's civil rights.

**ANSWER:**    Defendant denies the allegations of Paragraph 22.

WHEREFORE, Plaintiff JOSEPH M. DOETSCH prays that this Court enter judgment in his favor and against the defendant AT&T OPERATIONS, INC., *as* follows:

372241.1

     a.     That a finding be entered that the Defendant violated the Americans with Disabilities Act and discriminated against Plaintiff;

     b.     That Plaintiff be reinstated to his former position;

     c.     That Plaintiff be awarded compensatory damages including but not limited to back pay and front pay and restoration of all lost employment benefits;

     d.     That Plaintiff be awarded the maximum punitive damages available by law;

     e.     That the Plaintiff be awarded his reasonable attorneys' fees and costs; and

     f.     That the Plaintiff be awarded such other and further relief as this Court may deem just and proper.

**ANSWER:**     Defendant denies that Plaintiff is entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's claims are barred to the extent that they are outside the scope of the charge Plaintiff filed with the Equal Employment Opportunity Commission on or about July 19, 2007.

2.     Plaintiff's claims are barred to the extent that they relate to alleged violations of the ADEA or ADA occurring more than 300 days before Plaintiff filed his charge with the Equal Employment Opportunity Commission.

3.     Plaintiff's claims under the ADA are barred because Plaintiff failed to engage in good faith efforts to obtain reasonable accommodations through the interactive process required by the ADA.

4.     To the extent that Plaintiff claims that he was entitled to any accommodation for his alleged disabilities, such accommodation would have imposed undue hardship on the operation of Defendant's business.

372241.1

5. Upon information and belief, Plaintiff is barred from recovering damages because he has failed to mitigate his claimed damages by, among other things, failing to engage in reasonable efforts to obtain comparable employment. Alternatively, to the extent that Plaintiff has mitigated his claimed damages, any relief must be decreased by the amount of earnings, compensation and benefits provided to Plaintiff during the relevant time period.

6. Plaintiff is barred from recovering compensatory and punitive damages because Defendant engaged in good-faith efforts to identify and make available reasonable accommodations for Plaintiff's alleged impairment to enable Plaintiff to perform the essential functions of his job.

Respectfully submitted,

AT&T OPERATIONS, INC.,

By:  s/William R. Pokorny - 06275705
wrp@franczek.com

Michael A. Warner, Jr. - 06208011
maw@franczek.com
William R. Pokorny
Franczek Sullivan PC
300 South Wacker Drive
Suite 3400
Chicago, Illinois  60606
(312) 986-0300

Dated:  June 6, 2008

372241.1

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO COMPLAINT** to be filed with the Clerk of the Court and served on this 6th day of June, 2008 on the following counsel of record, via the CM/ECF system:

Kenneth A. Runes
Runes Law Offices, P.C.
800 West Central Road
Suite 104
Mount Prospect, IL  60056


s/William R. Pokorny - 06275705
wrp@franczek.com

Michael A. Warner, Jr. - 06208011
maw@franczek.com
William R. Pokorny
Franczek Sullivan PC
300 South Wacker Drive
Suite 3400
Chicago, Illinois 60606-6763
(312) 986-0300